

JOSEPH R. ESQUIVEL, JR.
LORI ESQUIVEL fka LORI HERDA
6940 Surrey Ct.
Las Vegas, Nevada 89145
(702) 856-0609

DEBTORS IN PROPER PERSON

Dec 18  10 45 AM '09

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In RE:

JOSEPH R. ESQUIVEL, JR. and
LORI ESQUIVEL,

       Debtors

)
) CASE No.: BK-S-09BK-29236-BAM
)
) Date: 1/04/2010
) Time: 1:30 p.m.
)
) Chapter 7
)

### DEBTORS' OPPOSITION TO RELIEF FROM STAY
### FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

COMES NOW, JOSEPH R. ESQUIVEL, JR. and LORI ESQUIVEL fka LORI HERDA, Debtors in Proper Person, and submit the following Memorandum of Points and Authorities and Declaration in opposition to Secured Creditor's MOTION TO LIFT STAY.

### MEMORANDUM OF POINTS AND AUTHORITIES

I.

### MEMORANDUM OF LAW IN SUPPORT OF THE POINT OF LAW THAT PARTY ALLEGING TO BE SECURED MUST PROVE STANDING

Secured Creditor has failed and/or refused to produce the actual original note or proof other debt obligation that Secured Creditor alleges JOSEPH R. ESQUIVEL, JR. and/or LORI ESQUIVEL fka LORI HERDA owes. Where the complaining party cannot prove the existence of the note, then there is no note. To recover on a promissory note, the plaintiff must prove:

    (1) the existence of the note in question;

    (2) that the party sued signed the note;

    (3) that the plaintiff is the owner or holder of the note; and

(4) that a certain balance is due and owing on the note.

See In Re: SMS Financial LLC. v. Abco Homes, Inc. No.98-50117 February 18, 1999 (5th Circuit Court of Appeals.) Volume 29 of the New Jersey Practice Series, Chapter 10 Section 123, page 566, emphatically states, "...; and no part payments should be made on the bond or note unless the person to whom payment is made is able to produce the bond or note and the part payments are endorsed thereon." It would seem that the mortgagor would normally have a Common law right to demand production or surrender of the bond or note and mortgage, as the case may be. See Restatement, Contracts S 170(3), (4) (1932); C.J.S. Mortgages S 469 in Carnegie Bank v Shalleck 256 N.J. Super 23 (App. Div 1992), the Appellate Division held, "When the underlying mortgage is evidenced by an instrument meeting the criteria for negotiability set forth in N.J.S. 12A:3-104, the holder of the instrument shall be afforded all the rights and protections provided a holder in due course pursuant to N.J.S. 12A: 3- 302" Since no one is able to produce the "instrument" there is no competent evidence before the Court that any party is the holder of the alleged note or the true holder in due course. New Jersey common law dictates that the plaintiff prove the existence of the alleged note in question, prove that the party sued signed the alleged note, prove that the plaintiff is the owner and holder of the alleged note, and prove that certain balance is due and owing on any alleged note. Federal Circuit Courts have ruled that the only way to prove the perfection of any security is by actual possession of the security. See Matter of Staff Mortg. & Inv. Corp., 550 F.2d 1228 (9th Cir 1977), "Under the Uniform Commercial Code, the only notice sufficient to inform all interested parties that a security interest in instruments has been perfected is actual possession by the secured party, his agent or bailee." Bankruptcy Courts have followed the Uniform Commercial Code. In Re Investors & lenders, Ltd. 165 B.R. 389 (Bkrtcy.D.N.J.1994), "Under the New Jersey Uniform Commercial Code (NJUCC), promissory note is "instrument," security interest in which must be perfected by possession..."

## II.
## MEMORANDUM OF LAW IN SUPPORT OF THE POINT OF LAW THAT TO PROVE DAMAGES FOR DEFAULT OF A DEBT, PARTY MUST ENTER THE ACCOUNT AND GENERAL LEDGER STATEMENT INTO THE RECORD THROUGH A COMPETENT FACT WITNESS

To prove up claim of damages, creditor must enter evidence incorporating records such as a general ledger and accounting of an alleged unpaid promissory note, the person responsible

for preparing and maintaining the account general ledger must provide a complete accounting which must be sworn to and dated by the person who maintained the ledger. See Pacific Concrete F.C.U. V. Kauanoe, 62 Haw. 334, 614 P.2d 936 (1980), GE Capital Hawaii, Inc. v. Yonenaka 25 P.3d 807, 96 Hawaii 32, (Hawaii App 2001), Fooks v. Norwich Housing Authority 28 Conn. L. Rptr. 371, (Conn. Super.2000), and Town of Brookfield v. Candlewood Shores Estates, Inc. 513 A.2d 1218, 201 Conn. 1 (1986). See also Solon v. Godbole, 163 Ill. App. 3d 845, 114 Il.

### III.
### CONCLUSION

Debtors do not have any documentation that Secured Creditor has any legal standing to collect this alleged debt or a portion thereof *in the past*; therefore, we may have paid them in error;

Debtors are not in receipt of any notification of assignment, sale or transfer for this promissory note other than what we retrieved from Clark County Public Record citing MERS is the beneficiary as recorded September 14, 2009;

Debtors are not in receipt of legal proof of ownership on the original note, which entitles Secured Creditor to be THE NOTE HOLDER of the debt in claim;

Debtors are not in receipt of legal proof of existence of the original note in question;

And Debtors are not in receipt of the complete records of the general ledger and accounting of the alleged unpaid promissory note, proving that a principal balance of One Hundred Ninety Four Eight Hundred Ninety Three and Sixty-Five One Hundreds ($194,893.65) is really due and owing in any note.

Debtors are unable to find any documentation considered Evidence Admissible in Court that verifies we owe this debt or that Secured Creditor has any legal standing to collect anything (or if any liability even exists).

Debtors believe SECURED CREDITOR is not the holder of our note with no legal standing to collect this debt unless *due course status* has been established. Therefore, it is

///

///

///

respectfully request that the Court not grant Secured Creditor's Motion to Lift Stay in its entirety.

Dated this 17 day of December, 2009.

By: _____
JOSEPH R. ESQUIVEL, JR., PRO SE
DEBTOR

_____
LORI ESQUIVEL fka LORI HERDA,
PRO SE
DEBTOR

## DECLARATION

Pursuant to Local Bankruptcy Rule 9014(d)(1), we caused a complete copy of **DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM STAY FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** to be filed and served within Fifteen (15) days from the verifiable receipt of Movant's Motion of same.

Respectfully Submitted by:

DEBTORS:

*/s/ Joseph R. Esquivel*
JOSEPH R. ESQUIVEL, JR., PRO SE
6940 Surrey Ct.
Las Vegas, Nevada 89145
(702) 856-0609

*/s/ Lori Esquivel* 12/17/09
LORI ESQUIVEL aka LORI HERDA, PRO SE
6940 Surrey Ct.
Las Vegas, Nevada 89145
(702) 856-0609