JOSEPH R. ESQUIVEL, JR.
LORI M ESQUIVEL aka LORI HERDA
6940 Surrey Ct.
Las Vegas, Nevada  89145
(702) 856-0609

DEBTORS IN PROPER PERSON

RECEIVED
AND FILED

JUL 9  3 56 PM '10

U.S. _____
MARY _____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In RE:

JOSEPH R.ESQUIVEL, JR. and
      LORI M ESQUIVEL,

          Debtors

)
) CASE No.: BK-S-09BK-29236-BAM
)
) Date: 7/27/2010
) Time: 1:30 p.m.
)
) Chapter 7
)
)

## DEBTORS' OPPOSITION TO RELIEF FROM STAY FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

COMES NOW, JOSEPH R. ESQUIVEL, JR. and LORI M ESQUIVEL aka LORI HERDA, Debtors in Proper Person, and submit the following Memorandum of Points and Authorities and Declaration in opposition to Secured Creditor's MOTION TO LIFT STAY.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.**

### MEMORANDUM OF LAW IN SUPPORT OF THE POINT OF LAW THAT PARTY ALLEGING TO BE SECURED MUST PROVE STANDING

Secured Creditor has failed and/or refused to produce the actual original note or proof other debt obligation that Secured Creditor alleges JOSEPH R. ESQUIVEL, JR. and/or LORI M ESQUIVEL aka LORI HERDA owes. Where the complaining party cannot prove the existence of the note, then there is no note. To recover on a promissory note, the plaintiff must prove:

    (1) the existence of the note in question;

    (2) that the party sued signed the note;

    (3) that the plaintiff is the owner or holder of the note; and

1    (4) that a certain balance is due and owing on the note.

2    See In Re: SMS Financial LLC. v. Abco Homes, Inc. No.98-50117 February 18, 1999 (5th

3    Circuit Court of Appeals.) Volume 29 of the New Jersey Practice Series, Chapter 10 Section 123,

4    page 566, emphatically states, "...; and no part payments should be made on the bond or note

5    unless the person to whom payment is made is able to produce the bond or note and the part

6    payments are endorsed thereon." It would seem that the mortgagor would normally have a

7    Common law right to demand production or surrender of the bond or note and mortgage, as the

8    case may be. See Restatement, Contracts S 170(3), (4) (1932); C.J.S. Mortgages S 469 in

9    Carnegie Bank v Shalleck 256 N.J. Super 23 (App. Div 1992), the Appellate Division held,

10   "When the underlying mortgage is evidenced by an instrument meeting the criteria for

11   negotiability set forth in N.J.S. 12A:3-104, the holder of the instrument shall be afforded all the

12   rights and protections provided a holder in due course pursuant to N.J.S. 12A: 3- 302" Since no

13   one is able to produce the "instrument" there is no competent evidence before the Court that any

14   party is the holder of the alleged note or the true holder in due course. New Jersey common law

15   dictates that the plaintiff prove the existence of the alleged note in question, prove that the party

16   sued signed the alleged note, prove that the plaintiff is the owner and holder of the alleged note,

17   and prove that certain balance is due and owing on any alleged note. Federal Circuit Courts have

18   ruled that the only way to prove the perfection of any security is by actual possession of the

19   security.  See Matter of Staff Mortg. & Inv. Corp., 550 F.2d 1228 (9th Cir 1977), "Under the

20   Uniform Commercial Code, the only notice sufficient to inform all interested parties that a

21   security interest in instruments has been perfected is actual possession by the secured party, his

22   agent or bailee." Bankruptcy Courts have followed the Uniform Commercial Code.  In Re

23   Investors & lenders, Ltd. 165 B.R. 389 (Bkrtcy.D.N.J.1994), "Under the New Jersey Uniform

24   Commercial Code (NJUCC), promissory note is "instrument," security interest in which must be

25   perfected by possession..."

26   (attached hereto as Exhibit "1").

**II.**

## CONCLUSION

Debtors do not have any documentation that Secured Creditor has any legal standing to collect this alleged debt or a portion thereof *in the past*; therefore, we may have paid them in error;

Debtors are not in receipt of legal proof of ownership on the original note, which entitles Secured Creditor to be THE NOTE HOLDER of the debt in claim;

Debtors are not in receipt of legal proof of existence of the original note in question;

And Debtors are not in receipt of the complete records of the general ledger and accounting of the alleged unpaid promissory note, proving that a principal balance of One Hundred Ninety Four Eight Hundred Ninety Three and Sixty-Five One Hundreds ($194,893.65) is really due and owing in any note.

Debtors are unable to find any documentation considered Evidence Admissible in Court that verifies we owe this debt or that Secured Creditor has any legal standing to collect anything (or if any liability even exists).

Respondents have information, believe and thereon allege "Secured Creditor BAC",(Successor Beneficiary to Original Beneficiary MERS) nor their Designated Successor Trustee, RECONTRUST has our original note as certified in public record in their Notice of Default filed on or about September 3,2009.

Certifications of Lost Documents or photocopies, in any form, certified or not , are not valid.

Whereas On January 14, 2010 , BAC was ordered by the court to produce evidence of ownership of Promissory Note and return on January 26,2010 with it.

Whereas On January 26, 2010, BAC failed to produce any evidence of ownership of note and was ordered by the court to return again on Feb 23 and at that time to produce evidence of ownership of said note along with evidence of status in relationship to ownership of note if not owner of said note under penalty of perjury. Attorney for BAC said that would be no problem to produce documents.

Whereas On Feb 23, 2010 BAC failed to produce any evidence of ownership for note or any evidence of status in relationship to Note Owner.

Page 3o7

Whereas on Feb 23, 2010 Motion was found in favor of debtors as BAC had failed to produce any evidence of standing as ordered by the court and was ordered as such by the honorable Judge BRUCE A. MARKELL.

Whereas debtors received notice on or about June 27 that there was another Assignment of Trust filed in the State of California, County of Ventura which was filed fraudulently as neither BAC or MERS ARE NOT THE REAL PARTIES IN INTEREST. (attached hereto as Exhibit "2").

Under California law, to perfect the transfer of mortgage paper as collateral the owner should physically deliver the note to the transferee.

Bear v Golden Plan of California, Inc. 829F.2d705(9th Cir.1986). Without physical transfer, the sale of the note could be invalid as a fraudulent conveyance, Cal Civ. Code3440, or as unperfected, Cal. Com. Code 9313-9314, See Roger Berhardt, California Mortgage and Deed of Trusts, and Foreclosure Litigation 1.26(4th ed. 2009)

The note here specifically identified the party to whom it was payable, Countrywide Home loans Inc, and the note therefore cannot be transferred unless the note is endorsed. See Cal. Com. code 3109, 3201, 3203, 3204. The attachments to the claim do not establish that Countrywide Home Loans, Inc endorsed and sold the note to any other party. Transfer of an Interest in The Deed Of Trust Alone is Void as MERS acted only as a "nominee" for Countrywide Home Loans, Inc under the Deed of Trust. Since no evidence has been offered the promissory note has been transferred, MERS could only transfer whatever interest it had in the Deed of Trust. However , the Promissory note and the deed of Trust are inseparable. "The note and the mortgage are inseparable: the formal as essential, the later as an incident. An assignment of the latter alone is a nullity" Carpenter v Longan, 83 U.S.217,274,(1872); accordingly Henley v

Page 4 of 7

Hotaling, 41 Cal. Civ. Code 2936.

If one party receives the note and another received the Deed of Trust, The holder of the note prevails regardless of the order in which the interest were transferred. Adler v Sargent, 109 Cal. Civ. 42,49-50 (1895). Since MERS is not the owner of the underlying note, it could not transfer the beneficial interest of the Deed of Trust to another. Any attempt to transfer the beneficial interest of a trust deed with ownership of the underlying note is void under California law. Therefore BAC has not established that it is entitled to assert a claim on this note.

WHEREFORE Debtors have provided "Secured Creditor BAC" a R.E.S.P.A QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT & VALIDATION OF DEBT LETTER and T.I.L.A REQUEST.

- Which has not been properly or fully answered.
- That "Secured Creditor BAC" has not proven it's claims against us by providing this Court with lawfully documented evidence that is certified true and correct, (by Trustee of this Court ), in their unlimited commercial liability, while Under Oath, On and For the Official Record, under penalties of the law including Perjury.

Debtors believe SECURED CREDITOR is not the holder of our note with no legal standing to collect this debt unless *due course status* has been established. (attached hereto as Exhibit "3") page 3.

The note has been bundled with other notes and sold as mortgage-backed securities or otherwise assigned and split from the Trust Deed, "the note becomes, as a practical matter, unsecured." A person only holding the trust deed suffers no default because only the note holder is entitled to payment. The security is worthless in the hands of anyone except a person who has the right to enforce the obligation: it cannot be foreclosed or otherwise enforced. "Real Estate Finance Law (Fourth) ss5.27(2002)


Page 5 of 7

To this date, Lender has not fully provided Borrower with true, complete, accurate or timely documents as required.

Due to Secured Creditor's foreclosure mill, WILDE & ASSOCIATES, ignoring the Creditors' Meeting and serving us with their "cookie cutter" Motion, we have incurred additional costs in this matter.

Lastly, our credit report has derogatory information from Secured Creditor's claim. As the company of Secured Creditor does not have a legal standing to collect this debt, there shall be not any data furnished to the credit report agencies as provided in the Fair Debt Collection Practices Act (FDCPA);

We declare under penalty of perjury under the laws of the State of Nevada that the forgoing is true and correct.

Dated this 6 day of July, 2010

By

JOSEPH R. ESQUIVEL, JR., PRO SE
DEBTOR

LORI ESQUIVEL aka LORI HERDA,
PRO SE
DEBTOR

Page 6 of 7

1  **TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** to be filed and served
2  within Fifteen (15) days from the verifiable receipt of Movant's Motion of same.

Respectfully Submitted by:

DEBTORS:

JOSEPH R. ESQUIVEL, JR., PRO SE
6940 Surrey Ct.
Las Vegas, Nevada 89145
(702) 856-0609

LORI ESQUIVEL aka LORI HERDA,
PRO SE
6940 Surrey Ct.
Las Vegas, Nevada 89145
(702) 856-0609

# EXHIBIT "1"

## UNIFORM COMMERCIAL CODE COMMITTEE

**WHERE'S THE NOTE, WHO'S THE HOLDER: ENFORCEMENT OF PROMISSORY NOTE SECURED BY REAL ESTATE**

HON. SAMUEL L. BUFFORD
UNITED STATES BANKRUPTCY JUDGE
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES, CALIFORNIA

(FORMERLY HON.) R. GLEN AYERS
LANGLEY & BANACK
SAN ANTONIO, TEXAS

AMERICAN BANKRUPTCY INSTUTUTE
APRIL 3, 2009
WASHINGTON, D.C.

**WHERE'S THE NOTE, WHO'S THE HOLDER**

INTRODUCTION

In an era where a very large portion of mortgage obligations have been securitized, by assignment to a trust indenture trustee, with the resulting pool of assets being then sold as mortgage backed securities, foreclosure becomes an interesting exercise, particularly where judicial process is involved. We are all familiar with the securitization process. The steps, if not the process, is simple. A borrower goes to a mortgage lender. The lender finances the purchase of real estate. The borrower signs a note and mortgage or deed of trust. The original lender sells the note and assigns the mortgage to an entity that securitizes the note by combining the note with hundreds or thousands of similar obligation to create a package of mortgage backed securities, which are then sold to investors.

Unfortunately, unless you represent borrowers, the vast flow of notes into the maw of the securitization industry meant that a lot of mistakes were made. When the borrower defaults, the party seeking to enforce the obligation and foreclose on the underlying collateral sometimes cannot find the note. A lawyer sophisticated in this area has speculated to one of the authors that perhaps a third of the notes "securitized" have been lost or destroyed. The cases we are going to look at reflect the stark fact that the unnamed source's speculation may be well-founded.

UCC SECTION 3-309

If the issue were as simple as a missing note, UCC §3-309 would provide a simple solution. A person entitled to enforce an instrument which has been lost, destroyed or stolen may enforce the instrument. If the court is concerned that some third party may show up and attempt to enforce the instrument against the payee, it may order adequate protection. But, and however, a person seeking to enforce a missing instrument must be a person entitled to enforce the instrument, and that person must prove the instrument's terms and that person's right to enforce the instrument. §3-309 (a)(1) & (b).

WHO'S THE HOLDER

Enforcement of a note always requires that the person seeking to collect show that it is the holder. A holder is an entity that has acquired the note either as the original payor or transfer by endorsement of order paper or physical possession of bearer paper. These requirements are set out in Article 3 of the Uniform Commercial Code, which has been adopted in every state, including Louisiana, and in the District of Columbia. Even in bankruptcy proceedings, State substantive law controls the rights of note and lien holders, as the Supreme Court pointed out almost forty (40) years ago in *United States v. Butner*, 440 U.S. 48, 54-55 (1979).

However, as Judge Bufford has recently illustrated, in one of the cases discussed below, in the bankruptcy and other federal courts, procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. And, procedure may just have an impact on the issue of "who," because, if the holder is unknown, pleading and standing issues arise.

BRIEF REVIEW OF UCC PROVISIONS

Article 3 of the Uniform Commercial code has been adopted in all fifty states (yes, in Louisiana, too), as well as the District of Columbia. Article 3 governs negotiable instruments – it defines what a negotiable instrument is and defines how ownership of those pieces of paper are transferred. For the precise definition, see § 3-104(a) ("an unconditional promise or order to pay a fixed amount of money, with or without interest . . . .") The instrument may be either payable to order or bearer and payable on demand or at a definite time, with or without interest.

Ordinary negotiable instruments include notes and drafts (a check is a draft drawn on a bank). See § 3-104(e).

Negotiable paper is transferred from the original payor by negotiation. §3-301. "Order paper" must be endorsed; bearer paper need only be delivered. §3-305. However, in either case, for the note to be enforced, the person who asserts the status of the holder must be in possession of the instrument. *See* UCC § 1-201 (20) and comments.

The original and subsequent transferees are referred to as holders. Holders who take with no notice of defect or default are called "holders in due course," and take free of many defenses. See §§ 3-305(b).

The UCC says that a payment to a party "entitled to enforce the instrument" is sufficient to extinguish the obligation of the person obligated on the instrument. Clearly, then, only a holder – a person in possession of a note endorsed to it or a holder of bearer paper – may seek satisfaction and enforce rights in collateral such as real estate.

NOTE: Those of us who went through the bank and savings and loan collapse of the 1980's are familiar with these problems. The FDIC/FSLIC/RTC sold millions of notes secured and unsecured, in bulk transactions. The some notes could not be found and enforcement sometimes became a problem. Of course, sometimes we are forced to repeat history. For a recent FDIC case, *see Liberty Savings Bank v. Redus,* 2009 WL 41857 (Ohio App. 8 Dist.), January 8, 2009.

THE RULES

Judge Bufford addressed the rules issue this past year. *See In re Hwang,* 2008 WL 4899273 (Bankr. C. D. Cal., Sept. 24 & Oct. 29, 2008). First, there are the pleading problems that arise when the holder of the note is unknown. Typically, the issue will arise in a motion for relief from stay in a bankruptcy proceeding.

According F.R.Civ. Pro. 17, "[a]n action must be prosecuted in the name of the real party in interest." This rule is incorporated into the rules governing bankruptcy procedure in several ways. As Judge Bufford has pointed out, for example, in a motion for relief from stay, filed under F.R.Bankr.Pro. 4001 is a contested matter, governed by F. R. Bankr. Pro. 9014, which makes F.R. Bankr. Pro. 7017 applicable to such motions. F.R. Banr. Pro. 7017 is, of course, a restatement of F.R.Civ.Pro. 17. *In re Hwang,* 2008 WL 4899273 at p. 3. Obviously, the real

party in interest in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the holder of a note. (In securitization transactions, this would be the trustee for the "certificate holders.") When the actual holder of the note is unknown, it is impossible – not difficult but impossible – to plead a cause of action in a federal court. Unless the name of the actual note holder can be stated, the very pleadings are defective.

STANDING

Often, the servicing agent for the loan will appear to enforce the note. Assume that the servicing agent states that it is the authorized agent of the note holder, which is "Trust Number 99." The servicing agent is certainly a party in interest, since a party in interest in a bankruptcy court is a very broad term or concept. *See, e.g., Greer v. O'Dell*, 305 F.3d 1297, 1302-03 (11th Cir. 2002). However, the servicing agent may not have standing: "Federal Courts have only the power authorized by Article III of the Constitutions and the statutes enacted by Congress pursuant thereto. ... [A] plaintiff must have Constitutional standing in order for a federal court to have jurisdiction." *In re Foreclosure Cases*, 521 F.Supp. 3d 650, 653 (S.D. Ohio, 2007), citations omitted.

But, the servicing agent does not have standing, for only a person who is the holder of the note has standing to enforce the note. *See, e.g., In re Hwang*, 2008 WL 4899273 at 8.

T he servicing agent may have standing if acting as an agent for the holder, assuming that the agent can both show agency status and that the principle is the holder. *See, e.g., In re Vargas*, 2008 WL 4864986 (Bankr. C.D. Cal., Oct. 21, 2008) at 6.

A BRIEF ASIDE:  WHO IS MERS?

For those of you who are not familiar with the entity known as MERS, a frequent participant in these foreclosure proceedings:

MERS is the "Mortgage Electronic Registration System, Inc.  "MERS is a mortgage banking 'utility' that registers mortgage loans in a book entry system so that ... real estate loans can be bought, sold and securitized, just like Wall Street's book entry utility for stocks and bonds is the Depository Trust and Clearinghouse." Bastian, "Foreclosure Forms", State. Bar of Texas **17[th] Annual Advanced Real Estate Drafting Course**, March 9-10, 2007, Dallas, Texas. MERS is enormous.  It originates thousands of loans daily and is the mortgagee of record for at least 40 million mortgages and other security documents. *Id.*

RULES OF EVIDENCE – A PRACTICAL PROBLEM

This structure also possesses practical evidentiary problems where the party asserting a right to foreclose must be able to show a default.  Once again, Judge Bufford has addressed this issue.  At *In re Vargas*, 2008 WL 4864986, at 6, Judge Bufford made a finding that the witness called to testify as to debt and default was incompetent.  All the witness could testify was that he had looked at the MERS computerized records.  The witness was unable to satisfy the requirements of the Federal Rules of Evidence, particularly Rule 803, as applied to computerized

records in the Ninth Circuit. *See Id.* at 6-8. The low level employee could really only testify that the MERS screen shot he reviewed reflected a default. That really is not much in the way of evidence, and not nearly enough to get around the hearsay rule.

## FORECLOSURE OR RELIEF FROM STAY

In a foreclosure proceeding in a judicial foreclosure state, or a request for injunctive relief in a non-judicial foreclosure state, or in a motion for relief proceeding in a bankruptcy court, the courts are dealing with and writing about the problems very frequently.

In many if not almost all cases, the party seeking to exercise the rights of the creditor will be a servicing company. Servicing companies will be asserting the rights of their alleged principal, the note holder, which is, again, often going to be a trustee for a securitization package. The mortgage holder of beneficiary under the deed of trust will, again, very often be MERS.

Even before reaching the practical problem of debt and default, mentioned above, the moving party must show that it holds the note or (1) that it is an agent of the holder and that (2) the holder remains the holder.

Some states, like Texas, have passed statutes that allow servicing companies to act in foreclosure proceedings as a statutorily recognized agent of the note holder. *See, e.g.*, Tex. Prop. Code §51.0001. However, that statute refers to the servicer as the last entity to whom the debtor has been instructed to make payments. This status is certainly open to challenge. The statute certainly provides nothing more than *prima facie* evidence of the ability of the servicer to act. If challenged, the servicing agent must show that the last entity to communicate instructions to the debtor is still the holder of the note. *See, e.g., HSBC Bank, N.A. v. Valentin*, 21 N.Y. Misc. 3d 1123(A), 2008 WL 4764816 (Table) (N.Y. Sup.), Nov. 3, 2008.

## SOME RECENT CASE LAW

These cases are arranged by state, for no particular reason.

Massachusetts

*In re Schwartz*, 366 B.R.265 (Bankr. D. Mass. 2007)

*Schwartz* concerns a Motion for Relief to pursue an eviction. Movant asserted that the property had been foreclosed upon prior to the date of the bankruptcy petition. The *pro se* debtor asserted that the Movant was required to show that it had authority to conduct the sale. Movant, and "the party which appears to be the current mortgagee..." provided documents for the court to review, but did not ask for an evidentiary hearing. Judge Rosenthal sifted through the documents and found that the Movant and the current mortgagee had failed to prove that the foreclosure was properly conducted.

Specifically, Judge Rosenthal found that there was no evidence of a proper assignment of the mortgage prior to foreclosure. However, at footnote 5, *Id*. at 268, the Court also finds that there is no evidence that the note itself was assigned and no evidence as to who the current holder might be.

*Nosek v. Ameriquest Mortgage Company (In re Nosek)*, 286 Br. 374 (Bankr D Mass. 2008).

Almost a year to the day after *Schwartz* was signed, Judge Rosenthal issued a second opinion. This is an opinion on an order to show cause. Judge Rosenthal specifically found that, although the note and mortgage involved in the case had been transferred from the originator to another party within five days of closing, during the five years in which the chapter 13 proceeding was pending, the note and mortgage and associated claims had been prosecuted by Ameriquest which has represented itself to be the holder of the note and the mortgage. Not until September of 2007 did Ameriquest notify the Court that it was merely the servicer. In fact, only after the chapter 13 bankruptcy had been pending for about three years was there even an assignment of the servicing rights. *Id*. at 378.

Because these misrepresentations were not simple mistakes: as the Court has noted on more than one occasion, those parties who do not hold the note of mortgage do not service the mortgage do not have standing to pursue motions for leave or other actions arising form the mortgage obligation. *Id* at 380.

As a result, the Court sanctioned the local law firm that had been prosecuting the claim $25,000. It sanctioned a partner at that firm an additional $25,000. Then the Court sanctioned the national law firm involved $100,000 and ultimately sanctioned Wells Fargo $250,000. *Id*. at 382-386.

*In re Hayes*, 393 Br 259 (Bankr. D. Mass. 2008).

Like Judge Rosenthal, Judge Feeney has attacked the problem of standing and authority head on. She has also held that standing must be established before either a claim can be allowed or a motion for relief be granted.

Ohio

*In re Foreclosure Cases*, 521 F.Supp. 2nd (S.D. Ohio 2007).

Perhaps the District Court's orders in the foreclosure cases in Ohio have received the most press of any of these opinions. Relying almost exclusively on standing, the Judge Rose has determined that a foreclosing party must show standing. "[I]n a foreclosure action, the plaintiff must show that it is the holder of the note and the mortgage at the time that the complaint was filed." *Id*. at 653.

Judge Rose instructed the parties involved that the willful failure of the movants to comply with the general orders of the Court would in the future result in immediate dismissal of foreclosure actions.

*Deusche Bank Nat'l Trust Co. v. Steele*, 2008 WL 111227 (S.D. Ohio) January 8, 2008.

In *Steele*, Judge Abel followed the lead of Judge Rose and found that Deusche Bank had filed evidence in support of its motion for default judgment indicating that MERS was the mortgage holder. There was not sufficient evidence to support the claim that Deusche Bank was the owner and holder of the note as of that date. Following *In re Foreclosure Cases*, 2007 WL 456586, the Court held that summary judgment would be denied "until such time as Deusche Bank was able to offer evidence showing, by a preponderance of evidence, that it owned the note and mortgage when the complaint was filed." 208 WL 111227 at 2. Deusche Bank was given twenty-one days to comply. *Id.*

## Illinois

*U.S. Bank, N.A. v. Cook*, 2009 WL 35286 (N.D. Ill. January 6, 2009).

Not all federal district judges are as concerned with the issues surrounding the transfer of notes and mortgages. *Cook* is a very pro lender case and, in an order granting a motion for summary judgment, the Court found that Cook had shown no "countervailing evidence to create a genuine issue of facts." *Id.* at 3. In fact, a review of the evidence submitted by U.S. Bank showed only that it was the alleged trustee of the securitization pool. U.S. Bank relied exclusively on the "pooling and serving agreement" to show that it was the holder of the note. *Id.*

Under UCC Article 3, the evidence presented in *Cook* was clearly insufficient.

## New York

*HSBC Bank USA, N.A. v. Valentin*, 21 Misc. 3D 1124(A), 2008 WL 4764816 (Table) (N.Y. Sup.) November 3, 2008. In *Valentin*, the New York court found that, even though given an opportunity to, HSBC did not show the ownership of debt and mortgage. The complaint was dismissed with prejudice and the "notice of pendency" against the property was cancelled.

Note that the *Valentin* case does not involve some sort of ambush. The Court gave every HSBC every opportunity to cure the defects the Court perceived in the pleadings.

## California

*In re Vargas*, 2008 WL 4864986 (Bankr. C.D. Cal.) October 21, 2008

and

*In re Hwang*, 2008 WL 4899273 (Bankr. C.D. Cal.) September 24, 2008 and October 29, 2008

These two opinions by Judge Buford have been discussed above. Judge Buford carefully explores the related issues of standing and ownership under both federal and California law.

<u>Texas</u>

*In re Parsley*, 384 Br. 138 (Bankr. S.D. Tex., 2008)

and

*In re Gilbreath*, 395 Br. 356 (Bankr. S.D. Tex., 2008)

These two recent opinions by Judge Jeff Bohm are not really on point, but illustrate another thread of cases running through the issues of motions for relief from stay in bankruptcy court and the sloppiness of loan servicing agencies. Both of these cases involve motions for relief that were not based upon fact but upon mistakes by servicing agencies. Both opinions deal with the issue of sanctions and, put simply, both cases illustrate that Judge Bohm (and perhaps other members of the bankruptcy bench in the Southern District of Texas) are going to be very strict about motions for relief in consumer cases.

SUMMARY

The cases cited illustrate enormous problems in the loan servicing industry. These problems arise in the context of securitization and illustrate the difficulty of determining the name of the holder, the assignee of the mortgage, and the parties with both the legal right under Article 3 and the standing under the Constitution to enforce notes, whether in state court or federal court.

Interestingly, with the exception of Judge Buford and a few other judges, there has been less than adequate focus upon the UCC title issues. The next round of cases may and should focus upon the title to debt instrument. The person seeking to enforce the note must show that:

(1)     It is the holder of this note <u>original</u> by transfer, with all necessary rounds.

(2)     If it can show that title runs to it, but the original is lost or destroyed, the holder must be prepared to post a bond.

(3)     If the person seeking to enforce is an agent, it must show its agency status <u>and</u> that its principal is the holder of the note.

Then, and only then, do the issues of evidence of debt and default and assignment of mortgage rights become relevant.

# EXHIBIT "2"

WHEN RECORDED MAIL TO:

TIFFANY & BOSCO, P.A.
Michael A. Bosco, Jr.
2525 East Camelback Road, Suite 300
Phoenix, AZ 85016

## ASSIGNMENT OF DEED OF TRUST

T & B No.: 09-77956                                      Parcel No. 138-34-610-006

For Value Received, the undersigned corporation hereby grants, assigns and transfers to BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. at the address of 7105 Corporate Drive Mail Stop PTX-209, Plano TX 75024 all beneficial interest under that certain Deed of Trust dated May 3, 2005 executed by Lori Herda, a married woman as her sole and separate property Trustor, CTC Real Estate Services Trustee, **Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc., as Beneficiary**; and recorded on  05/25/05  as Recording No./Book-Page 200505250003792  of Official Records of Clark County, NV  and legally describing the trust property as:

LOT 6 IN BLOCK 12 OF CHARLESTON RAINBOW UNIT 7B, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 13 OF PLATS, PAGE 51 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA. ASSESSOR'S PARCEL NO: 138-34-610-006

Together with the Note or Notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust. Hereby made effective on:

Date :  **JUN 1 5 2010**

Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc.

By : _____

Its : _____

Nichole Clavadetscher
Certifying Officer

STATE OF _CALIFORNIA_            )
                                                      )ss.
COUNTY OF _VENTURA_            )

On this _15th_ day of _JUNE_____, 20_10_, before me, the undersigned, a Notary Public for said State, personally appeared _____ known to me to be the ____ CERTIFYING OFFICER_____ of the above corporation, and acknowledge execution of the above instrument on behalf of the corporation.

My Commission Expires: 7-24-2010

Notary Public _____

JON SECREST
Commission # 1683790
Notary Public - California
Ventura County
My Comm. Expires Jul 24, 2019

RECORDING REQUESTED BY:
RECONTRUST COMPANY, N.A.
AND WHEN RECORDED MAIL DOCUMENT TO:
BAC Home Loans Servicing, LP
400 COUNTRYWIDE WAY SV-35
SIMI VALLEY, CA 93065

138-34-610-006

TS No. 09-0131186
TITLE ORDER#: 090626360NVGTI

## CORPORATION ASSIGNMENT OF DEED OF TRUST NEVADA

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY GRANTS, ASSIGNS AND TRANSFER TO:
BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST DATED 05/03/2005,
EXECUTED BY: LORI HERDA, A MARRIED WOMAN AS HER SOLE AND SEPARATE
PROPERTY, TRUSTOR: TO CTC REAL ESTATE SERVICES, TRUSTEE AND RECORDED AS
INSTRUMENT NO. 0003792 ON 05/25/2005, IN BOOK 20050525, OF OFFICIAL RECORDS IN THE
COUNTY RECORDER'S OFFICE OF CLARK COUNTY, IN THE STATE OF NEVADA.

DESCRIBING THE LAND THEREIN: AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST.

TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE
MONEY DUE AND TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS
ACCRUED OR TO ACCRUE UNDER SAID DEED OF TRUST/MORTGAGE.

DATED: September 02, 2009

State of: **Texas**
County of: **Dallas**

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

BY: _____
Angela Nava
, Assistant Secretary
**Angela Nava**
**Assistant Secretary**

On 9-8-09 before me ANGELA SERATO
_____ know to me (or proved to me on the oath of _____ , personally appeared
_____ ) to be the person whose name is subscribed to the foregoing instrument and or through _____
acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.
Witness my hand and official seal.

_____
Notary Public's Signature

ANGELA SERATO
My Commission Expires
July 27, 2013

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

BAC HOME LOANS SERVICING, LP FKA
COUNTRYWIDE HOME LOANS SERVICING LP

BY: _____
Angela Nava , Assistant Secretary

State of: **Texas**

County of: **Dallas**

On 9-8-09 before me ANGELA SERATO , personally appeared
Angela Nava Assistant Secretary , know to me (or proved to me on the
oath of _____ or through _____ ) to be the person whose name is
subscribed to the foregoing instrument and acknowledged to me that he/she executed the same
for the purposes and consideration therein expressed.

Witness my hand and official seal.

_____
Notary Public's Signature

ANGELA SERATO
My Commission Expires
July 27, 2013

RECORDING REQUESTED BY:
RECONTRUST COMPANY

**AND WHEN RECORDED MAIL DOCUMENT TO:**
RECONTRUST COMPANY
2380 Performance Dr, TX2-985-07-03
Richardson, TX  75082

**ATTN: Dominic Herne**
TS No. 09-0131186
138-34-610-006
TSG No. 090626360NVGTI

## SUBSTITUTION OF TRUSTEE NEVADA

WHEREAS, LORI HERDA, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY
was the original Trustor, CTC REAL ESTATE SERVICES was the original Trustee, and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. was the original Beneficiary under
that certain Deed of Trust dated 05/03/2005 recorded on 05/25/2005 as Instrument No. 0003792 in
Book 20050525 Page  of Official Records of  Clark County, Nevada;

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and
instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust
provided,

NOW THEREFORE, the undersigned hereby substitutes RECONTRUST COMPANY, N.A., WHOSE
ADDRESS IS: 2380 Performance Dr, TX2-985-07-03, Richardson, TX  75082, as Trustee under said
Deed of Trust.

RECORDING REQUESTED BY:
RECONTRUST COMPANY, N.A.
**AND WHEN RECORDED MAIL DOCUMENT TO:**
BAC Home Loans Servicing, LP
400 COUNTRYWIDE WAY SV-35
SIMI VALLEY, CA 93065

138-34-610-006

TS No. 09-0131186
TITLE ORDER#: 090626360NVGTI

---

### CORPORATION ASSIGNMENT OF DEED OF TRUST NEVADA

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY GRANTS, ASSIGNS AND TRANSFER TO:
**BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP**

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST DATED 05/03/2005,
EXECUTED BY: LORI HERDA, A MARRIED WOMAN AS HER SOLE AND SEPARATE
PROPERTY,TRUSTOR: TO CTC REAL ESTATE SERVICES, TRUSTEE AND RECORDED AS
INSTRUMENT NO. 0003792 ON 05/25/2005, IN BOOK 20050525, OF OFFICIAL RECORDS IN THE
COUNTY RECORDER'S OFFICE OF CLARK COUNTY, IN THE STATE OF NEVADA.

DESCRIBING THE LAND THEREIN: AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST.

TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE
MONEY DUE AND TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS
ACCRUED OR TO ACCRUE UNDER SAID DEED OF TRUST/MORTGAGE.

DATED:  September 02, 2009          MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
                                    INC.

State of:  Texas                )
County of:  Dallas              ) BY: _Angela Nava_____
                                         Angela Nava
                                         , Assistant Secretary
                                         Angela Nava
                                         Assistant Secretary

On 9-8-09   before me  ANGELA SERATO              , personally appeared
_____, know to me (or proved to me on the oath of _____ or through
_____ ) to be the person whose name is subscribed to the foregoing instrument and
acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.
Witness my hand and official seal.

_Angela S._____
Notary Public's Signature

ANGELA SERATO
My Commission Expires
July 27, 2013

# EXHIBIT "3"

direct dial number:
(215) 575-7290

**DP**

Dilworth
Paxson

Adam L. Bliss
abliss@dilworthlaw.com

March 18, 2010

Lori Herda
6940 Surrey Court
Las Vegas, NV 89145

Re:     Borrower(s): Lori Herda (the "Borrower")
        Property Address: 6940 Surrey Court, Las Vegas, NV 89145
        Loan Number(s): 97135374 (the "Loan")

Dear Ms. Herda:

This firm represents BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. ("BAC Home Loans"), f/k/a Countrywide Home Loans Servicing LP, with regard to the Loan. We are writing in response to your correspondence dated December 14, 2009 and January 13, 2010 (collectively, the "Letter") which were sent to BAC Home Loans for response, wherein you request information regarding the Loan. Although couched as a "qualified written request," the information requested in the Letter goes well beyond that which is available through a qualified written request made under 12 U.S.C. §2605 ("QWR").

As you may be aware, a QWR is a written correspondence which includes a statement of specific reasons why the borrower believes that its account is in error and which provides sufficient detail to allow the servicer of the loan to review the borrower's account to determine whether there were errors made in connection with the account, and to either make appropriate corrections where errors were made or explain to the borrower why the servicer believes the account is accurate. A QWR is not a vehicle for a borrower to obtain confidential information concerning the lender's business practices, trade secrets or other proprietary information, nor can it be used to support a fishing expedition for documents that may support a claim or as a mechanism for seeking any other information which does not relate specifically to the borrower's loan. The Letter seeks information which goes well beyond that which is available through a QWR, while failing to provide any of the necessary detail regarding any specific error(s) made by the servicer in connection with the Loan.

The Letter also purports to require BAC Home Loans to respond to each of the Borrower's inquiries or waive certain of its rights, and further concludes, without any factual or legal support, that a failure to respond will confer certain rights upon the Borrower. Please be advised that BAC Home Loans is under no obligation to respond to the majority of the Borrower's inquiries, and expressly rejects any claim, conclusion or inference that it has somehow limited or waived any rights or remedies it may now or hereafter have, whether arising under the Loan documents, at law or in equity, as the result of its response, or lack thereof, to all or any portion of the Letter, all of which rights and remedies are expressly reserved. BAC Home Loans also

Dilworth Paxson LLP

Page 3

To date, the fees that have been charged against the account and are not reflected in the Payment History are as follows: attorney/trustee fees, $300.00; expedited payoff service fees, $30.00; inspection fees, $15.00; mailing fees, $83.86; mortgage pay by web service fees, $207.00; recording fees, $65.00; and title fees, $225.00. The remainder of these requests are overly broad, do not concern the application of payments or the disbursement of funds to the Borrower, and make no allegations whatsoever of any wrongdoing by BAC Home Loans. Accordingly, these requests are declined as they seek documentation that goes beyond that which is available through a "qualified written request" under 12 U.S.C. §2605.

**4.) Debits and Credits**
See paragraph 3 above. The remainder of these requests are overly broad, do not concern the application of payments or the disbursement of funds to the Borrower, and make no allegations whatsoever of any wrongdoing by BAC Home Loans. Accordingly, these requests are declined as they seek documentation that goes beyond that which is available through a "qualified written request" under 12 U.S.C. §2605.

**5.) Mortgage and Assignments**
The current owner of the note is the Fannie Mae, with an address of 13150 World Gate Drive, Herndon, VA 20170 and a telephone number of (703) 833-1700. BAC Home Loans is the servicer of the Loan. The remainder of these requests are overly broad, do not concern the application of payments or the disbursement of funds to the Borrower, and make no allegations whatsoever of any wrongdoing by BAC Home Loans. Accordingly, these requests are declined as they seek documentation that goes beyond that which is available through a "qualified written request" under 12 U.S.C. §2605.

**6.) Attorney Fees**
See paragraph 3 above. The remainder of these requests are overly broad, do not concern the application of payments or the disbursement of funds to the Borrower, and make no allegations whatsoever of any wrongdoing by BAC Home Loans. Accordingly, these requests are declined as they seek documentation that goes beyond that which is available through a "qualified written request" under 12 U.S.C. §2605.

**7.) Suspense/Unapplied Accounts**
See paragraph 3 above. The remainder of these requests are overly broad, do not concern the application of payments or the disbursement of funds to the Borrower, and make no allegations whatsoever of any wrongdoing by BAC Home Loans. Accordingly, these requests are declined as they seek documentation that goes beyond that which is available through a "qualified written request" under 12 U.S.C. §2605.

**8.) Late Fees**
Late charges are reported as interest paid effective with the 2008 tax year. Prior to the 2008 tax year, there was no interest paid or reported to the IRS relating to late charges assessed and paid to this account. See also paragraphs 2 and 3 above. The remainder of these requests are overly broad, do not concern the application of payments or the disbursement of funds to the Borrower, and make no allegations whatsoever of any wrongdoing by BAC Home Loans. Accordingly,

Dilworth Paxson LLP                                                    Page 4

these requests are declined as they seek documentation that goes beyond that which is available through a "qualified written request" under 12 U.S.C. §2605.

### 9.) Property Inspections

Please review paragraph 3 above for the fees due in connection with property inspections performed. Please refer to the enclosed documents for information regarding the circumstances whereby property inspections may be performed. The remainder of these requests are overly broad, do not concern the application of payments or the disbursement of funds to the Borrower, and make no allegations whatsoever of any wrongdoing by BAC Home Loans. Accordingly, these requests are declined as they seek documentation that goes beyond that which is available through a "qualified written request" under 12 U.S.C. §2605.

### 10.) BPO Fees

See the response to paragraph 3 above. The remainder of these requests are overly broad, do not concern the application of payments or the disbursement of funds to the Borrower, and make no allegations whatsoever of any wrongdoing by BAC Home Loans. Accordingly, these requests are declined as they seek documentation that goes beyond that which is available through a "qualified written request" under 12 U.S.C. §2605.

### 11.) Forced Placed Insurance

Per the terms and conditions of the aforementioned documents, forced placed insurance, also known as lender secured insurance, can be secured by the lender if notification is received via property inspections that indicates the property as being vacant during the delinquency of the loan. Lender secured insurance can also be placed if a borrower does not provide the lender with his preferred insurance information in a timely manner.

As of the date of this correspondence, no lender placed insurance has been secured in connection with the Loan.

The remainder of these requests are overly broad, do not concern the application of payments or the disbursement of funds to the Borrower, and make no allegations whatsoever of any wrongdoing by BAC Home Loans. Accordingly, these requests are declined as they seek documentation that goes beyond that which is available through a "qualified written request" under 12 U.S.C. §2605.

### 12.) Servicing Related Questions

These requests are overly broad, do not concern the application of payments or the disbursement of funds to the Borrower, and make no allegations whatsoever of any wrongdoing by BAC Home Loans. Accordingly, these requests are declined as they seek documentation that goes beyond that which is available through a "qualified written request" under 12 U.S.C. §2605.

### 13.) Verification of Debt

To the extent the Letter can be construed as a request for verification of the debt, please be advised that the Loan is evidenced by a Note dated May 3, 2005 in the principal amount of $205,000.00, executed by the Borrower, in favor of Countrywide Home Loans, Inc., a copy of which is enclosed. The Loan is secured by a Deed of Trust dated the same date, a copy of which

Dilworth Paxson LLP                                                                                      Page 5

is enclosed. Please see paragraph 5 above for information concerning the current owner of the note. Please refer to the enclosed documents for additional information.

A payoff demand statement has been requested and will be forwarded to you under separate cover. This payoff demand statement will show all amounts necessary to pay off the Loan.

The Letter also encloses a document titled "Conditional Acceptance of Your Offer Charging Me $204,842.07 and the Terms of Contract" (the "Acceptance"). The Acceptance asserts, without legal support, that BAC Home Loans' failure to provide the Borrower with the original promissory note will release BAC Home Loans' claim against the Borrower and will entitle the Borrower to damages in the amount of $614,526.21. Please see paragraph 1 above regarding your request for the original promissory note. Please also be advised that, notwithstanding anything in the Acceptance or the QWR, BAC Home Loans makes no admission of fraud or any other wrongdoing, the Loan documents shall remain enforceable as written, and the respective rights and obligations of the parties shall remain unaffected.

If you have further concerns or questions regarding this matter please contact BAC Home Loans' bankruptcy technician, Kathy Kinel, at (805) 995-3004. Thank you for this opportunity to be of service.

In providing the above response, BAC Home Loans is not limiting or waiving any rights or remedies it may now have or hereafter have, whether arising under the loan documents, at law or in equity, all of which rights and remedies are expressly reserved.

<div style="margin-left: 40%;">

Very truly yours,

*Adam L Bliss*

Adam L. Bliss

</div>

Enclosures

# EXHIBIT "1"

# STATE OF NEVADA



**ROSS MILLER**
Secretary of State

**SCOTT W. ANDERSON**
Deputy Secretary
for Commercial Recordings

**OFFICE OF THE**
## SECRETARY OF STATE

## Certified Search Request

December 08, 2009

| | |
|---|---|
| **Job Number:** | U20091208-0073 |
| **Reference Number:** | 0000549049-4 |
| **Expedite:** | None |
| **Through Date:** | 12/04/2009 05:00PM |

The undersigned filing officer hereby certifies that the attached list is a true and exact list of all financing statements or federal tax liens and related subsequent documentation for the debtor below as filed with the Secretary of State's office, Uniform Commercial Code Division as of the above through date.

**Search Criteria:**
Debtor Name:    HERDA, LORI MARY
Lien Type:      UCC
Lien Status:    All (Including lapsed)

Nevada Secretary of State
Electronic Filing
Filing Officer

**UCC DIVISION:**
**Tracy Gillespie, Supervisor**
200 N. Carson Street
Carson City, Nevada  89701-4069
Telephone (775) 684-5708
Fax (775) 684-5630

# STATE OF NEVADA



**ROSS MILLER**
*Secretary of State*

**SCOTT W. ANDERSON**
*Deputy Secretary*
*for Commercial Recordings*

**OFFICE OF THE**
## SECRETARY OF STATE

## Job Receipt

December 08, 2009

**Job Number:**    U20091208-0073
**Account**
**Number:**
**Re:**    HERDA, LORI MARY

## Charges

| Description | Filing Number | Filing Date/Time | Qty | Price | Amount |
|---|---|---|---|---|---|
| Information Request (Written Inquiry) | 0000549049-4 | | 1 | $20.00 | $20.00 |
| Search Certification | 0000549049-4 | | 1 | $0.00 | $0.00 |
| Total | | | | | $20.00 |

## Payments

| Type | Description | Amount |
|---|---|---|
| Credit | 545073|09120826482315 | $20.00 |
| Total | | $20.00 |

**UCC DIVISION:**
**Tracy Gillespie, Supervisor**
200 N. Carson Street
Carson City, Nevada  89701-4069
Telephone (775) 684-5708
Fax (775) 684-5630

## STATE OF NEVADA



ROSS MILLER
Secretary of State

SCOTT W. ANDERSON
Deputy Secretary
for Commercial Recordings

### OFFICE OF THE
## SECRETARY OF STATE

December 08, 2009

**Job Number:**   U20091208-0073

**Job Contents:**
   **Certified Search Request(s):**                1

**Special Handling Instructions:**

JOSEPH ESQUIVEL
6940 SURREY CT.
LAS VEGAS NV  89145



**STATE OF NEVADA**

*ROSS MILLER*
Secretary of State

*SCOTT W. ANDERSON*
Deputy Secretary
for Commercial Recordings

**OFFICE OF THE**
**SECRETARY OF STATE**

Search Criteria:

Debtor Name:    HERDA, LORI MARY
Lien Type:      UCC
Lien Status:    All (Including lapsed)

No Matching Records Found.

# EXHIBIT "2"

# BAC HOME LOANS SERVICING, LP

## Business Entity Information

|  | Active |  | 1/09/2008 |
|---|---|---|---|
|  | Foreign Limited Partnership |  | E0012662008-4 |
|  | TX |  | 1/31/2011 |
|  | NV20081549013 |  | 1/31/2011 |

## Registered Agent Information

|  | THE CORPORATION TRUST COMPANY OF NEVADA |  | 311 S DIVISION ST |
|---|---|---|---|
|  |  |  | CARSON CITY |
|  | NV |  | 89703 |
|  |  |  |  |
|  |  |  | NV |
|  | Commercial Registered Agent - Corporation |  |  |
|  | NEVADA |  | Active |

## Financial Information

|  | 0 |  | $ 0 |
|---|---|---|---|

No stock records found for this company

## Officers

☐ Include Inactive Officers

General Partner - BAC GP, LLC

|  | 30930 RUSSELL RANCH ROAD |  | MAIL CODE: CA6-916-02-01 |
|---|---|---|---|
|  | WESTLAKE VILLAGE |  | CA |
|  | 91362 |  | USA |
|  | Active |  |  |

## Actions\Amendments

|  | Certificate of Foreign Limited Partnership |  |  |
|---|---|---|---|
|  | 20080019571-73 |  | 1 |
|  | 1/09/2008 |  |  |

(No notes for this action)

|  | Miscellaneous |  |  |
|---|---|---|---|
|  | 20080019575-17 |  | 1 |
|  | 1/09/2008 |  |  |

APPROVAL

|  | Initial List |  |  |
|---|---|---|---|
|  | 20080104902-96 |  | 1 |

| | 2/14/2008 | | |
|---|---|---|---|
| (No notes for this action) | | | |
| | Registered Agent Change | | |
| | 20080493637-02 | | 1 |
| | 7/23/2008 | | |
| (No notes for this action) | | | |
| | Annual List | | |
| | 20090057679-85 | | 1 |
| | 1/20/2009 | | |
| (No notes for this action) | | | |
| | Amendment | | |
| | 20090391289-43 | | 1 |
| | 4/29/2009 | | |
| (No notes for this action) | | | |
| | Annual List | | |
| | 20090851911-56 | | 1 |
| | 12/11/2009 | | |
| (No notes for this action) | | | |

EXHIBIT "3"

**RECORDING REQUESTED BY:**
**WHEN RECORDED MAIL TO:**
**RECONTRUST COMPANY**
**2380 Performance Dr, TX2-985-07-03**
**Richardson, TX 75082**
**Attn:**
**TS No. 09-0131186**
**Title Order No. 090626360NVGTI**

**APN No. 138-34-610-006**

## NEVADA IMPORTANT NOTICE
## NOTICE OF DEFAULT/ELECTION TO SELL UNDER DEED OF TRUST

NOTICE IS HEREBY GIVEN THAT: RECONTRUST COMPANY, N.A., is the duly appointed Trustee under a Deed of Trust dated 05/03/2005, executed by LORI HERDA, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as beneficiary recorded 05/25/2005, as Instrument No. 0003792 (or Book 20050525, Page ) of Official Records in the Office of the County Recorder of Clark County, Nevada. Said obligation including ONE NOTE FOR THE ORIGINAL sum of $205,000.00. That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of :
FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL, INTEREST AND IMPOUNDS WHICH BECAME DUE ON 06/01/2009 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST AND IMPOUNDS, TOGETHER WITH ALL LATE CHARGES, PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY, INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEYS' FEES. IN ADDITION, THE ENTIRE PRINCIPAL AMOUNT WILL BECOME DUE ON 06/01/2035 AS A RESULT OF THE MATURITY OF THE OBLIGATION ON THAT DATE.

That by reason thereof, the present beneficiary under such deed of trust has deposited with RECONTRUST COMPANY, N.A. such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

## NOTICE

You may have the right to cure the default hereon and reinstate the one obligation secured by such Deed Of Trust above described. Section NRS 107.080 permits certain defaults to be cured upon the payment of the amounts required by that statutory section without requiring payment of that portion of principal and interest which would not be due had no default occured. Where reinstatement is possible, if the default is not cured within 35 days following recording and mailing of this Notice to Trustor or Trustor's successor in interest, the right of reinstatement will terminate and the property may there after be sold. The Trustor may have the right to bring court action to assert the non existence of a default or any other defense of Trustor to acceleration and sale.

To determine if reinstatement is possible and the amount, if any, to cure the default, contact: BAC Home Loans Servicing, LP, c/o RECONTRUST COMPANY, 2380 Performance Dr.,TX2-985-07-03, Richardson, TX 75082, PHONE: (800) 281-8219. Should you wish to discuss possible options for loan modification, you may contact the Home Retention Division at 1-800-669-6650. If you meet the requirements of Section NRS 107.085, you may request mediation in accordance with the enclosed Election/Waiver of Mediation Form and instructions. You may also contact the Nevada Fair Housing Center at 1-702-731-6095 or the Legal Aid Center at 1-702-386-1070 for assistance.

RECONTRUST COMPANY, as agent for the Beneficiary
By: Fidelity National Default Solutions, as Agent

_____

By: LSI Title Agency, Inc., an Illinois Corporation, as Agent
**Anselmo Pagkaliwangan**

State of: California
County of: Orange
On 9.2.2009 _____, before me, _____, Notary

Connie L. Borras

Public, personally appeared Anselmo Pagkaliwangan, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Connie L Borras_ _____ (Seal)

Connie L. Borras

CONNIE L. BORRAS
Commission # 1733995
Notary Public - California
Orange County
My Comm. Expires Apr 22, 2011

EXHIBIT "4"

RECORDING REQUESTED BY:
RECONTRUST COMPANY

**AND WHEN RECORDED MAIL DOCUMENT TO:**
RECONTRUST COMPANY
2380 Performance Dr, TX2-985-07-03
Richardson, TX 75082

**ATTN: Dominic Heme**

TS No. 09-0131186

138-34-660-006

TSG No. 090626360NVGTI

---

## SUBSTITUTION OF TRUSTEE NEVADA

WHEREAS, LORI HERDA, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY was the original Trustor, CTC REAL ESTATE SERVICES was the original Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. was the original Beneficiary under that certain Deed of Trust dated 05/03/2005 recorded on 05/25/2005 as Instrument No. 0003792 in Book 20050525 Page of Official Records of Clark County, Nevada;

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW THEREFORE, the undersigned hereby substitutes RECONTRUST COMPANY, N.A., WHOSE ADDRESS IS: 2380 Performance Dr, TX2-985-07-03, Richardson, TX 75082, as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

BAC HOME LOANS SERVICING, LP FKA
COUNTRYWIDE HOME LOANS SERVICING LP

BY: _____
        Angela Nava                    , Assistant Secretary

State of: **Texas**                          )
County of: **Dallas**                        )
On **9-8-09**    before me   ANGELA SERATO             , personally appeared
_____Angela Nava_____Assistant Secretary_____, know to me (or proved to me on the
oath of _____ or through _____) to be the person whose name is
subscribed to the foregoing instrument and acknowledged to me that he/she executed the same
for the purposes and consideration therein expressed.
Witness my hand and official seal.

_____
Notary Public's Signature

ANGELA SERATO
My Commission Expires
July 27, 2013

1    JOSEPH R. ESQUIVEL, JR.
     LORI ESQUIVEL aka LORI HERDA
2    6940 Surrey Ct.
     Las Vegas, Nevada 89145
3    (702) 856-0609

4
     DEBTORS IN PROPER PERSON
5

6                      UNITED STATES BANKRUPTCY COURT

7                           DISTRICT OF NEVADA

8                                    )
                                     ) CASE No.: BK-S-09BK-29236-BAM
9    In RE:                          )
                                     ) Date: 7/27/2010
10   JOSEPH R.ESQUIVEL, JR. and      ) Time: 1:30 p.m.
           LORI ESQUIVEL,            )
11                                   ) Chapter 7
                                     )
12   _____Debtors_____    )

13       **DECLARATION OF JOSEPH R. ESQUIVEL, JR. AND LORI ESQUIVEL TO**
     **OPPOSITION TO RELIEF FROM STAY FOR FAILURE TO STATE A CLAIM UPON**
14                   **WHICH RELIEF CAN BE GRANTED**

15           WE, JOSEPH R. ESQUIVEL, JR. and LORI ESQUIVEL hereby declare and state as
16   follows:

17           We are the Debtors in the above-entitled case;

18           This Declaration is submitted in support of **DEBTORS' OPPOSITION TO RELIEF**

19   **FROM STAY FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE**

     **GRANTED** .
20

21   On or about November 16, 2009, Secured Creditor failed and refused to attend the Creditors'

22   Meeting and provide Trustee with their proof of claim.  Instead, Secured Creditor caused to be

23   served electronically upon Debtors' former attorney-of-record, Dorothy G. Bunce, Esq., a

24   document entitled Motion to Lift Stay.

25           Dorothy G. Bunce, Esq. forwarded us the Motion via email on December 7, 2009 at

     approximately 11 a.m.
26

Page 1 of 5

Debtors noticed from Secured Creditor's Motion, that the original beneficiary under the subject of our Deed of Trust is not SECURED CREDITOR but MERS, INC., its successors and assigns, AS NOMINEE for COUNTRYWIDE HOME LOANS, INC.   In recent months, Courts (including Nevada) have been ruling that Homeowners are disadvantaged by the MERS system due to the lack of disclosure concerning the true identity of the mortgagee.

We have even conducted a search under the UNIFORM COMMERCIAL CODE (UCC) and found no evidence of a "DEBT" owed to Secured Creditor (attached hereto as Exhibit "1").

We believe Secured Creditor (Successor Beneficiary to Original Beneficiary MERS) nor their designated Successor Trustee, RECONTRUST, have our original note as *certified in public record* in their Notice of Default filed on or about September 3, 2009.  Certifications of Lost Documents or photocopies, in any form, certified or not, are not valid.

Secured Creditor is a Nevada foreign corporation formed under the laws of the State of Texas.  The limited Partners of said corporation are:

> General Partner - COUNTRYWIDE GP, LLC
> 4500 PARK GRANADA
> CALABASAS, CA  91302
>
> General Partner - COUNTRYWIDE LP, LLC, LIMITED PARTNER
> 4500 PARK GRANADA
> CALABASAS, CA  91302

This partnership/corporation was filed with the Nevada Secretary of State January 9, 2008 (attached hereto as Exhibit "2").  Debtors hereby certify Exhibit is a true and correct copy of the same obtained from the Nevada Secretary of State's web site;

We have researched the matter regarding MERS and have learned that it is the electronic mortgage recording system contrived by a consortium of major lenders in order to avoid billions of dollars in legal fees and county recording costs, and to legally shield themselves from


Page 2 of 5

1    consumer lawsuits for predatory lending practices.  In Courts, the findings are that lenders are,

2    because of MERS' involvement, found to have no legitimate signed mortgage documents by

3    which to support their claims; neither can they, because of the rampant securitization of our loan

4    after it was made by us, prove that they've been damaged financially; nor do they possess the

5    original loan document(s) they have purportedly been servicing.  It appears all "they" have on

6    hand is no more than copies, or electronic versions of the documents, and neither bears our

7    original signatures giving them authority whatsoever to dispose of our property in any way.

8            We have information, believe and thereon allege that Secured Creditor and/or its agent(s)

9    directed or otherwise caused the following to be recorded by Clark County Recorder in the

10   Public Record:

11           Trustor/Grantor:  HERDA, LORI
             BANK OF AMERICA, NA
12           Document #200509150001525
             DEED OF TRUST recorded 9/15/2005 (incorporated in Movant's Original Motion)
13

14           DEFAULT & ELECTION TO SELL
             Recorded 9/3/2009 (attached hereto as Exhibit "3")
15   ****Notice of Default filed before SUBSTITUTE TRUSTEE filed (see below 9/14/2009)

16           BAC HOME LOANS SERVICING LP
             RECONTRUST COMPANY, NA
17           Document #200909140003883
             SUBSTITUTION TRUSTEE
18           Recorded 9/14/2009
             (attached hereto as Exhibit "4")
19

20

21    We are subject to another entity coming forward in the future and claiming we owe *them* and
     *they* are the secured creditor even if we no longer have our property.   If this occurs, the Secured
22   Creditor in this matter, obviously, would have been unjustly enriched to our detriment.
             In an effort to further protect our rights and ensure the proper Party is before this Court,
23
     we have provided alleged Secured Creditor with  a  REAL ESTATE SETTLEMENT
24
     PRACTICES ACT (RESPA) QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE
25
     OF DEBT & VALIDATION OF DEBT LETTER and TRUTH IN LENDING ACT (TILA)
26
     REQUEST `q 2  that has not been fully or completely answered.

Page 3 of 5

1    Therefore, it is respectfully requested that the Court not grant Secured Creditor's Motion to Lift

2    Stay in its entirety and that the Court change the Secured Creditors Status for BAC to a

3    Unsecured Creditor Status for BAC in its entirety and its claim discharged as such with the other

4    unsecured claims with Prejudice.

    (2)      That Credit report be corrected to show account paid in full and satisfactorily;

5    (3)      That property be reconveyed eliminating any unproven claim and or lien;

6    (4)      That Public Record in Clark County be corrected

7

8         Dated this 6 day of July , 2010.

9                                    By:

10                                   _____

                                 JOSEPH R. ESQUIVEL, JR., PRO SE

11                                  DEBTOR

12                                  *Lori M. Esquivel*

13                                  LORI M ESQUIVEL aka LORI HERDA,

                                 PRO SE DEBTOR

14

15

16

17

18

19

20

21

22

23

24

25                            **DECLARATION**

26        Pursuant to Local Bankruptcy Rule 9014(d)(1), we caused a complete copy of

**DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM STAY FOR FAILURE**

1

2

3

4

5

6

7

8

9

10   STATE OF NEVADA            )

11   COUNTY OF _CLARK_          ) ss.    <u>ACKNOWLEDGEMENT</u>

12

13        On _July 6_____, 20_10___, before me, a Notary Public in the

14   mentioned County and State, personally appeared _Joseph R Esquivel Jr._ and

15   _LoRi M Esquivel___, personally known to me or proved to me on the basis of satisfactory

16   evidence to be the person(s) whose names are subscribed to the within instrument

17   DECLARATION OF JOSEPH R. ESQUIVEL, JR. AND LORI ESQUIVEL TO OPPOSITION

18   TO RELIEF FROM STAY FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF

19   CAN BE GRANTED; and acknowledged to me that they executed the same in their authorized

20   capacity, and that by their signature on the instrument these persons, or the entity upon behalf of

21   which these persons acted, executed the instrument.

22        WITNESS my hand and notary seal, this _6_ day of _July_____, 20___.

23   My commission expires_ _1v/20/13_

24   _Unn Abad_____
     Notary Public

25

26

NONA ABAD
Notary Public, State of Nevada
Appointment No. 02-73237-1
My Appt. Expires Dec 20, 2013

PAge 5 of 5