# UNITED STATES BANKRUPTCY COURT

## District of Nevada

RECEIVED & FILED

'10 SEP 22 P2 :52

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

In re JOSPEH R ESQUIVEL.JR
and LORI ESQUIVEL,
         Debtor
6940 Surrey Ct
Las Vegas, Nevada 89145
         Plaintiff

V.

BAC Home Loans Servicing,L.P.fka
Contrywide Home Loans Servicing,L.P.
         Defendant

**SUBPOENA IN
AN ADVERSARY PROCEEDING**

Case No. * BK 09BK-29326-BAM

Chapter 7

Adv. Proc. No. * _____

To: BAC Home Loans Servicing,L.P. fka
Countrywide Home Loans Servicing, L.P.
100 Tyron Street, Charlotte, North Carolina 28555

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Master Servicing Agreement, Pooling Agreement, any and all Deposit Agreements, Mortgage Loan Purchase Agreement, Any information regarding the Trust that provided the original funds for this loan, 424 B-5 Prospectus (Security filing), 1099 OID Report, 2046 Balance sheet as it relates to the original loan (mandatory filing pursant to Title 12 U.S.C 248 &347, Promissory Note (Wet Ink Original)

| PLACE | DATE AND TIME |
|---|---|
| 6940 Surrey Ct. Las Vegas, Nevada 89145 | 09/21/2010 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 9/03/2010 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Joseph R Esquivel Jr 6940 Surrey Ct Las Vegas, Nevada 89145 (702) 810-6627

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 9/8/2010 | 100 Tryon St. Charlotte NC 28555 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Patricia Cochran | Corporation |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Kelly Lindberg | R.A. |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  9-8-2010
DATE

SIGNATURE OF SERVER: Kelly Lindberg

ADDRESS OF SERVER: 9635 Southern Pine Blvd. Charlotte, NC, 28273

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# RETURN OF SERVICE

| | | |
|---|---|---|
| **State of US** | **County of District of Nevada** | **Bankruptcy Court** |

Case Number: BK09BK29326

Plaintiff:
**Joseph Esquivel, Jr.**

vs.

Defendant:
**BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P.**

For:
Joseph Esquivel
6940 Surrey Ct
Las Vegas, NV 89145

Received by on the 8th day of September, 2010 at 11:22 am to be served on **BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P., 100 Tryon St., Charlotte, NC 28555.**

I, Kelly Lindberg, do hereby affirm that on the **8th day of September, 2010 at 12:00 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Subpoena in Adversary Proceeding** with the date and hour of service endorsed thereon by me, to: **Patricia Cochran** as **Registered Agent** for **BAC Home Loans Servicing, L.P.**, at the address of: **100 Tryon St., Charlotte, NC 28555**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and have the proper authority in the jurisdiction in which service was made. Pursuant to the penalty of perjury laws of this state, I declare that I have read the above and believe it to true and correct.

*Kelly Lindberg*
**Kelly Lindberg**
Process Server

6940 Surrey Ct
Las Vegas, NV 89145
(702) 810-6627

Our Job Serial Number: TYR-2010011355

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4n