GREGORY L. WILDE, ESQ.
Nevada Bar No. 4417
MATTHEW K. SCHRIEVER, ESQ.
Nevada Bar No. 10745
TIFFANY & BOSCO, P.A.
212 S. Jones Blvd.
Las Vegas NV 89107
Tel (702) 258-8200
Fax (702) 258-8787
nvbk@tblaw.com

*Attorney for Secured Creditor*
BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re: | Case No. BK-S-09-29326-BAM<br>Chapter 7 |
|---|---|
| JOSEPH R. ESQUIVEL, JR. and LORI ESQUIVEL, | Hearing Date: January 3, 2013<br>Hearing Time: 10:00 a.m. |
| Debtors. | |

### OPPOSITION TO MOTION TO REOPEN BK 7 CASE AND MOTION TO SANCTION BANK OF AMERICA N.A.

COMES NOW Secured Creditor, BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P., by and through counsel and files this Opposition To Motion To Reopen BK 7 Case And Motion To Sanction Bank Of America N.A.

### I.
### STATEMENT OF FACTS

Secured Creditor is the holder of a note secured by a deed of trust against the property located at 6940 Surrey Court, Las Vegas, NV 89145 (the "Subject Property"). Bank of America, N.A. is Secured Creditor's servicer of the loan.

The debtors filed a Chapter 7 Petition on October 14, 2009. On December 4, 2009, Secured Creditor filed a motion for relief from the automatic stay. The hearing on that matter

was continued twice and ultimately heard on February 23, 2010. During that hearing, the court denied the motion without prejudice because it was not satisfied with the documentation that was attached to the motion regarding evidence of who currently owned the note. However the court further stated that the debtors had received only a "pyrrhic victory" because Secured Creditor could re-file the motion and because the debtors would be without protection of the automatic stay once the discharge issued. The court informed the debtors that their RESPA and other claims were for "another court and another day." Secured Creditor filed another motion for relief from the automatic stay but withdrew that motion during the September 28, 2010 hearing.

On May 28, 2010, the debtors filed a motion for changing secured creditor status to unsecured creditor status. On November 12, 2010, the court denied that motion because, "the Debtors were discharge[d] on September 27, 2010, and therefore do not have standing to object to the claim of Secured Creditor." Doc. #74. Upon discharge, Secured Creditor began efforts to foreclose on the property because the automatic stay is no longer in effect.

## II.
## LEGAL ARGUMENTS

The debtors' motion is riddled with inaccurate legal arguments that are apparently based on the debtors' misunderstanding of the effect of a Chapter 7 discharge in relation to secured mortgage debt. These inaccurate legal arguments and misunderstanding of the effect of a Chapter 7 discharge are evident by the following statements and arguments in the motion:

- "[D]ebtor BAC Home Loans Servicing LP had been discharged on September 27, 2010 and was without standing to object." Motion, Par. 3.

- "The debt obligation of the Tangible Herda Promissory Note was determined by this United States Bankruptcy Court to be an unsecured debt." Motion, Par. 11.

The debtors have previously requested similar relief and were denied. Although the debtors did receive a discharge, 11 USC 524(j) allows a creditor who holds a secured interest in real property

Reopening of a bankruptcy case should occur only after a determination is made that the bankruptcy court, as opposed to any other court, is the most appropriate forum to resolve any issues which arise. *In re John G. Berg Associates, Inc.*, 138 B.R. 782 (Bkrtcy.E.D.Pa. 1992). In this matter, the debtors have already been instructed by the court that their claims for relief are for "another court and another day." Thus, while the Secured Creditor vehemently objects to the RESPA, TILA, and standing allegations made by the debtors, those allegations are not before this court and are more appropriately brought in another forum.

Although reopening of a case rests entirely in court's discretion, the debtors must establish a compelling reason for this court to reopen estate. *In re Stephenson*, 19 B.R. 185 (Bkrtcy.M.D.Tenn. 1982). In this instance, the debtors have not established any compelling or justifiable reasons for this court to reopen the case. This court has already ordered that the debtors do not have standing to object to the claim of the Secured Creditor because the discharge has been entered. Furthermore, because the discharge has been entered, the automatic stay is no longer in effect and the Secured Creditor is allowed pursue its foreclosure of the Subject Property pursuant to 11 USC §524(j).

Bankruptcy courts have determined that where no relief can be granted, it is pointless to reopen a case in accordance with 11 USC §350. *In re Danley*, 14 B.R. 493 (Bkrtcy.D.N.M. 1981). The debtors are not entitled to the relief they seek in their motion. Although the mortgage debt has been discharged, the security interest has not been discharged. Thus, Bank of America's communications to the debtor in regards to its foreclosure rights were not in

TIFFANY & BOSCO, P.A.
212 S. Jones Blvd
Las Vegas NV 89107
Tel (702) 258-8200 Fax (702) 258-8787

violation of the discharge. The communications that were sent from Bank of America and attached to the underlying motion, clearly state:

- They were sent for information purposes;

- The debtors have no personal obligation to pay the debt because it was discharged;

- The discharge protects the debtors from any efforts by any to collect the discharged debt as a personal liability;

- The debtors cannot be pressured to repay the debt;

- The security instrument allows foreclosure if the requirements under the loan documents are not met;

- The detailed loan information was provided as a courtesy to the debtors and that it is not an attempt to collect a debt that has been discharged;

- The communication is not a demand for payment;

- The notice is being furnished for informational purposes only and should not be construed as an attempt to collect against you personally; and

- While the financial obligation to Bank of America, N.A. may have been discharged, by operation of law, Bank of America, N.A. has retained the ability to enforce its rights against the property securing the loan in the event of a default.

The communications clearly recognized that the financial debts had been discharged and that the debtors had not financial obligations to repay them. However, the information was provided in case the debtors wanted to voluntarily repay the debt, as provided for in 11 USC 524(f), to prevent the foreclosure or take other actions to prevent the foreclosure. Because the automatic stay was no longer in effect and because the discharge was not violated, the debtors cannot obtain the relief they seek. For these reasons, the motion should be denied.

The motion also makes arguments that the note and deed of trust are no longer enforceable because the debtor alleges that they were "split". Even if they were split, the

debtors' argument no longer has any validity because the Nevada Supreme Court recently determined that the splitting of the note and deed of trust is not irreparable because they can later be reunited. *Edelstein v. Bank of New York Mellon*, 128 Nev. Adv. Op. 48 (2012).

The debtors arguments regarding 15 USC §1692 are "for another court and another day" if they want to proceed with those baseless allegations. The debtors also make allegations that Bank of America has been previously sanction for similar conduct. However, the legal citations that the debtor cited to did not provide the undersigned with enough information to locate those decisions because the bankruptcy district information was missing. Therefore, the undersigned was unable to determine whether or not the allegations were even remotely similar. However, it should be noted that the motion does states that those courts found that Bank of America violated and/or disregarded court orders and discharge injunctions. While, in this matter, the debtors have not been able to demonstrate that Bank of America has violated any court orders or discharge injunctions.

### III
### CONCLUSION

WHEREFORE, based on the foregoing, Secured Creditor respectfully requests that this court deny the debtors' motion in its entirety because there is no basis to reopen the bankruptcy and the Secured Creditor has not engaged in any sanctionable conduct.

DATED this 20 day of December 2012.

TIFFANY & BOSCO, P.A.

/s/ Gregory L. Wilde, Esq.
GREGORY L. WILDE, ESQ.
Nevada Bar No. 4417
212 S. Jones Blvd
Las Vegas NV 89107
Attorney for Secured Creditor

**TIFFANY & BOSCO, P.A.**
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
Fax: 702 258-8787

Attorney for Secured Creditor
BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P.
09-77956

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>Joseph R. Esquivel, Jr. and Lori Esquivel,<br><br><br>Debtors. | Bk Case No.: 09-29326-bam<br><br>Date: January 3, 2013<br>Time: 10:00am<br><br>Chapter 7 |

### CERTIFICATE OF MAILING

1. On December 20, 2012, I served the following document(s):

*OPPOSITION TO MOTION TO REOPEN BK 7 CASE AND MOTION TO SANCTION BANK OF AMERICA N.A.*

2. I served the above-named document(s) by the following means to the persons as listed below:

X  a. **ECF System**

    Yvette Weinstein
    yweinsteinhsd@earthlink.net
    Trustee

X  b. **United States mail, postage fully prepaid:**

    Joseph & Lori Esquivel, Jr.
    6940 Surrey Ct.
    Las Vegas, NV 89145
    Debtors

☐ **c. Personal Service**

I personally delivered the document(s) to the persons at these addresses:

☐ 1.    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney's office with a clerk or other person in charge, or if no one is charge by leaving the document(s) in a conspicuous place in the office.

☐ 2.    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ **d. By direct mail**

Based upon the written assignment of the parties to accept service by email or a court order. I caused the document(s) to be sent to the persons at the mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **e. By fax transmission**

Based upon the written assignment of the parties to accept service by fax transmission or a court order. I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ **f. By messenger**

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 20th day of December, 2012.

By: